IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LUMICO LIFE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>vs.<br><br>ASHLEY NANCE,<br><br>       Defendant. | Case No. 8:24-cv-01801-PX<br><br>JURY TRIAL DEMANDED |

### ANSWER OF DEFENDANT ASHLEY NANCE

Defendant Ashley Nance ("Ashley"), by her undersigned attorney, states the following as her Answer to the Complaint of Plaintiff Lumico Life Insurance Company ("Lumico"*)*:

### INTRODUCTORY STATEMENT

Lumico brings this suit alleging that Ashley Nance lacks an insurable interest in the life of Guy Martin.  Lumico makes this claim despite the fact that Lumico has been flooded with evidence showing that Ashley Nance and Guy Martin were in a committed and loving relationship in which the two were husband and wife for all intents and purposes.  This evidence — which is conspicuously absent from Lumico's Complaint — identifies that (1) Guy bought a home with Ashley; (2) Guy named Ashley as his primary medical decision-maker; and (3) Guy financially provided for Ashley by habitually paying for all entertainment-related expenses throughout their relationship.  See Attached Exhibit A (Deed); Exhibit B (Advanced Medical Directive; and Exhibit C (Affidavit).

Further, while the evidence unequivocally proves that Ashley held a valid insurable

interest, the relevant law reveals that the insurable interest question is irrelevant. Consider the law which plainly identifies that when an individual obtains a life insurance policy on their own life, said individual is free to name anyone as the beneficiary regardless of whether the beneficiary maintains an insurable interest. See Complaint Paragraph forty-eight (48) admitting the same. Here, Guy Martin took out the Lumico life insurance policy and named his significant other, Ashley Nance, as the sole beneficiary. Because Guy Martin is the party who obtained the Lumico life insurance policy, the insurable interest analysis is irrelevant. Rather than admit that this insurable interest analysis is irrelevant and therefore there is no reasonable basis to deny benefits, Lumico has misleadingly alleged that Ashley Nance is the party who obtained the Lumico life insurance policy.

Lumico's decision to continue alleging that Ashley Nance obtained the life insurance policy is indicative of bad faith given that Lumico's pre-litigation investigation included the collection of evidence showing that Guy Martin applied for the policy with the technological assistance of his significant other, Ashley Nance. This evidence — which is also conspicuously absent from the Complaint — shows that the relevant insurance application process consisted of Guy Martin, a sixty-six-year-old man, asking his tech-savvy girlfriend, Ashley Nance, to help him complete online paperwork. Further, Lumico alleges that Ashley paid the initial life insurance premium despite the fact that that while Ashley's account was linked to the automatic premium payment platform, Guy Martin reimbursed Ashley thereby making Guy the actual party responsible for payment.

Overall, the bad faith denial tactics employed by Lumico throughout the claim investigation appear to have continued into Lumico's Complaint which omits a significant amount of evidence provided pre-litigation.

## PARTIES

1. Ashley lacks information sufficient to admit or deny the allegations contained in paragraph one of the Complaint.

2. Ashley admits the allegations contained in paragraph two of the Complaint.

## JURISDICTION AND VENUE

3. Ashley lacks information sufficient to admit or deny the allegations contained in paragraph three of the Complaint.

4. Ashley lacks information sufficient to admit or deny the allegations contained in paragraph four of the Complaint.

5. Ashley lacks information sufficient to admit or deny the allegations contained in paragraph five of the Complaint.

6. Ashley lacks information sufficient to admit or deny the allegations contained in paragraph six of the Complaint.

## FACTUAL BACKGROUND

**A. Application for Insurance Submitted to Lumico.**

7. Ashley admits the allegations contained in paragraph seven of the Complaint.

8. Ashley admits the allegations contained in paragraph eight of the Complaint.

9. Ashley admits the allegations contained in paragraph nine of the Complaint. It should be noted that Lumico presents this information as if Lumico does not know why Ashley was the Policy's primary point of contact. The evidence — which Lumico is currently in possession of — reveals that Guy Martin asked Ashley Nance to place her contact information onto the application because Guy hoped Ashley would take care of the mundane details associated with the Policy. Lumico is effectively arguing that a wife can never list her phone number as the point of contact

for her husband. Is said wife fraudulently inserting her own phone number to control her husband's appointment schedule? Or is she simply responding to her husband's request that she manage his schedule because he fails to do so? The evidence — including the fact that Ashley and Guy bought a home together — unequivocally proves that Ashley was merely responding to Guy Martin's request that she act as the primary point of contact.

10. Ashley admits the allegations contained in paragraph ten of the Complaint.

11. Ashley admits the allegations contained in paragraph eleven of the Complaint.

12. Ashley denies the allegations contained in paragraph twelve of the Complaint.

13. Ashley admits the allegations contained in paragraph thirteen of the Complaint.

14. Ashley admits the allegations contained in paragraph fourteen of the Complaint.

15. Ashley denies the allegations contained in paragraph fifteen of the Complaint.

16. Ashley denies the allegations contained in paragraph sixteen of the Complaint.

17. Ashley admits the allegations contained in paragraph seventeen of the Complaint.

18. Ashley denies the allegations contained in paragraph eighteen of the Complaint.

19. Ashley denies the allegations contained in paragraph nineteen of the Complaint.

20. Ashley admits the allegations contained in paragraph twenty of the Complaint.

21. Ashley denies the allegations contained in paragraph twenty-one of the Complaint.

22. Ashley denies the allegations contained in paragraph twenty-two of the Complaint.

23. Ashley denies the allegations contained in paragraph twenty-three of the Complaint.

24. Ashley denies the allegations contained in paragraph twenty-four of the Complaint.

25. Ashley denies the allegations contained in paragraph twenty-five of the Complaint.

26. Ashley admits the allegations contained in paragraph twenty-six of the Complaint.

27. Ashley admits the allegations contained in paragraph twenty-seven of the Complaint.

28. Ashley denies the allegations contained in paragraph twenty-eight of the Complaint.

**B. The Policy.**

29. Ashley admits the allegations contained in paragraph twenty-nine of the Complaint.

30. Ashley denies the allegations contained in paragraph thirty of the Complaint.

31. Ashley admits the allegations contained in paragraph thirty-one of the Complaint.

32. Ashley admits the allegations contained in paragraph thirty-two of the Complaint.

**C. Ms. Ashley Nance Submits A Claim For Death Benefits Under The Policy.**

33. Ashley admits the allegations contained in paragraph thirty-three of the Complaint.

34. Ashley admits the allegations contained in paragraph thirty-four of the Complaint.

35. Ashley denies the allegations contained in paragraph thirty-five of the Complaint.

36. Ashley admits the allegations contained in paragraph thirty-six of the Complaint.

37. Ashley admits the allegations contained in paragraph thirty-seven of the Complaint.

38. Ashley admits the allegations contained in paragraph thirty-eight of the Complaint.

39. Ashley denies the allegations contained in paragraph thirty-nine of the Complaint.

40. Ashley denies the allegations contained in paragraph forty of the Complaint.

41. Ashley denies the allegations contained in paragraph forty-one of the Complaint.

42. Ashley denies the allegations contained in paragraph forty-two of the Complaint.

43. Ashley denies the allegations contained in paragraph forty-three of the Complaint.

44. Ashley denies the allegations contained in paragraph forty-four of the Complaint.

45. Ashley denies the allegations contained in paragraph forty-five of the Complaint.

## COUNT I: DECLARATORY JUDGMENT

46. Ashley repeats and incorporates her answers to Paragraphs one through Paragraph forty-five of the Answer as though fully set forth herein.

47. Ashley admits the allegations contained in paragraph forty-seven of the Complaint.

48. Ashley admits the allegations contained in paragraph forty-eight of the Complaint.

49. Ashley admits the allegations contained in paragraph forty-nine of the Complaint.

50. Ashley admits the allegations contained in paragraph fifty of the Complaint.  Further, it must be noted that Lumico's allegation that the present life insurance contract is a "wagering policy" is offensive.  Lumico posits that Ashley Nance held a "wagering policy" over Guy Martin.  In other words, Lumico's contention is that Ashley Nance cannot be the beneficiary of Guy Martin's life insurance contract because her relationship to Guy was akin to that of a stranger wagering on Guy Martin's life.  That is offensive.  In reality, Ashley and Guy were in a loving relationship in which Guy trusted Ashley more than anyone else in his life.  That would be why Guy bought a home with Ashley and named Ashley as the primary decision-maker according to his advance medical directive.  Because Guy was a pragmatic man who wanted to ensure that his partner would be financially secure following his passing, he applied for life insurance coverage naming his life partner, Ashley, his sole beneficiary.  Therefore, it is evident that Lumico's contention is wildly offensive.

51. Ashley denies the allegations contained in paragraph fifty-one of the Complaint.

52. Ashley denies the allegations contained in paragraph fifty-two of the Complaint.  Further, it should be noted that Lumico has made this obviously false contention while omitting the fact that Lumico had Guy Martin complete identity verification questions as a part of the application process.

53. Ashley denies the allegations contained in paragraph fifty-three of the Complaint.

54. Ashley denies the allegations contained in paragraph fifty-four of the Complaint.

55. Ashley denies the allegations contained in paragraph fifty-five of the Complaint.

56. Ashley admits the allegations contained in paragraph fifty-six of the Complaint.

57. Ashley admits the allegations contained in paragraph fifty-seven of the Complaint.

58. Ashley admits the allegations contained in paragraph fifty-eight of the Complaint.

59. Ashley denies the allegations contained in paragraph fifty-nine of the Complaint.

60. Ashley denies the allegations contained in paragraph sixty of the Complaint.

61. Ashley denies the allegations contained in paragraph sixty-one of the Complaint.

62. Ashley denies the allegations contained in paragraph sixty-two of the Complaint.

**WHEREFORE**, Defendant Ashley Nance respectfully prays unto the Court:

   a. That the subject life insurance funds be awarded to Defendant Ashley;

   b. That Ashley be reimbursed her costs and attorney's fees expended in the defense of this matter, as permitted by law;

   c. That Ashley be awarded damages associated with Lumico's breach of the implied covenant of good faith and fair dealing;

   i. Lumico's efforts in unreasonably delaying, unreasonably denying, and unreasonably filing the instant litigation all, individually and collectively, constitute actions designed to frustrate the rights of Ashley Nance to receive the fruits of the relevant life insurance contract.

   ii. Lumico's claim delay, claim denial, and the filing of the instant litigation, individually and collectively, are all unreasonable given that Lumico has obtained evidence showing that (1) Guy Martin procured the relevant life insurance policy therefore rendering any examination of insurable interest a pretextual basis to baselessly deny insurance benefits and (2) Ashley

      Nance, a woman who owned a home with Guy Martin, held a valid insurable interest at all relevant times.

   iii. Lumico's actions, as a whole, were clearly designed to injure or frustrate the rights of Ashley Nance and Guy Martin.

 d. That the Court enter judgment in favor of Answering Defendant Ashley and against Plaintiff; and

 e. That the Court grants such other relief as it deems just and proper.

 f. That, if necessary, this matter be submitted to a jury trial.

## DEFENSES AND AFFIRMATIVE DEFENSES

63. Ashley repeats and incorporates her answers to Paragraphs one through Paragraph sixty-two of the Answer as though fully set forth herein.

64. Ashley has the only valid claim to the death benefits payable under the policy in question.

## ADDITIONAL DEFENSES RESERVED

65. Ashley hereby gives notice that she may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend her Answer to assert any other defenses as become known or available.

**WHEREFORE**, Defendant Ashley respectfully prays unto the Court:

 a. That the subject life insurance funds be awarded to Defendant Ashley Nance;

 b. That Ashley be reimbursed her costs and attorney's fees expended in the defense of this matter, as permitted by law;

 c. That the Court enter judgment in favor of Answering Defendant Ashley Nance and against Plaintiff; and

 d. That the Court grants such other relief as it deems just and proper.

e.  That, if necessary, this matter be submitted to a jury trial.

        Respectfully submitted,

        STRAVITZ LAW FIRM, PC

By:  /s/Eric N. Stravitz
      Eric N. Stravitz (Bar No. 23610)
      4601 Presidents Drive
      Suite 120
      Lanham, MD 20706
      O:  (240) 467-5741
      F:  (240) 467-5743
      E:  eric@stravitzlawfirm.com

Co-Counsel:
Michael A. Wentz, Esq.*
THE BOONSWANG LAW FIRM
1500 Sansom St.
Suite 200
Philadelphia, PA 19102-2800
Tel: 215.940.8900
Direct: 215.526.9501
Fax: 215.974.7800 (ATTN:  M. Wentz)
E-mail: Michael@BoonswangLaw.com
* Motion for Pro Hac Vice Admission to be filed.

*Counsel for Defendant Ashley Nance*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September, 2024, the foregoing Answer and Counterclaim responding to Plaintiff's Complaint was filed using the CM/ECF system which will send notification to all counsel of record.

/s/Eric N. Stravitz
Eric N. Stravitz (Bar No. 23610)