**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LUMICO LIFE INSURANCE COMPANY, | * | |
| Plaintiff, | * | Civil Action No. 8:24-cv-01801-PX |
| v. | * | |
| ASHLEY NANCE, | * | |
| Defendant. | * | |

***

**MEMORANDUM ORDER**

Pending is Defendant Ashley Nance ("Nance")'s motion to alter or amend judgment. ECF No. 63. The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Nance's motion is denied.

The Court has previously discussed the relevant factual background for this matter in its prior decision and incorporates that summary here. *See* ECF No. 61. This case concerns a life insurance policy that named Nance as the beneficiary upon her deceased boyfriend, Guy Martin ("Martin")'s passing. On July 8, 2026, this Court granted judgment in favor of Lumico Life Insurance Company ("Lumico") because no record evidence demonstrated that Nance maintained a viable insurable interest in Martin at the time the policy issued. *Id.*

On August 4, 2026, Nance moved to alter or amend this Court's judgment under Federal Rule of Civil Procedure 59(e), because, as she tells it, newly discovered text messages from Martin's cellphone creates a triable fact as to the "genuine romantic relationship" she shared with Martin sufficient to carry her "insurable interest" showing. ECF No. 63 ¶¶ 6, 16. While this motion was pending, Nance notified the Court that the cell phone evidence, in fact, had been found much earlier, and that she had shared it with counsel before the Court granted summary judgment

in favor of Lumico. ECF No. 65. Nonetheless, Nance maintains reconsideration is warranted.

Rule 59(e) relief may be granted on three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright et al. supra, § 2810.1, at 124).

Nance makes clear that she discovered and turned over the cell phone evidence before the Court granted summary judgment. ECF No. 65 ¶ 2. For Nance, this means the motion for reconsideration necessarily fails because "[e]vidence that is available to a party prior to entry of judgment . . . is not a basis for granting a motion for reconsideration as a matter of law." *Boryan v. United States*, 884 F.2d 767, 771–72 (4th Cir. 1989) (citing *Frederick S. Wyle P.C. v, Texaco, Inc.,* 764 F.2d 604, 609)). Nance maintains however that reconsideration is necessary to prevent manifest injustice because her counsel refused to use the evidence at the summary judgment stage. ECF No. 65 ¶¶ 2, 5, 9. Mere disagreement with her counsel's view on the evidence simply does not warrant the extraordinary remedy of reconsideration. *Cf. Loren Data Corp. v. GXS, Inc.*, No. DKC 10-3474, 2011 WL 3946484, at *3 (D. Md. Aug. 30, 2011), *aff'd*, 501 F. App'x 275, 286 (4th Cir. 2012) (denying reconsideration under Rule 59(e) where conduct of "prior attorney may have fallen below professional standards"); *In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d

651, 660 (E.D. Va. 1999) (denying reconsideration under Rule 59(e) where attorney failed to respond to request for admissions and dispositive motions); *McCray v. Technicolor Video Cassette of Michigan, Inc.*, No. 2:12-CV-02088-JPM, 2013 WL 1338141, at *2–3 (W.D. Tenn. Mar. 29, 2013) (denying reconsideration under Rule 59(e) where attorney failed to participate in discovery due to medical concerns); *Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595, 601 (M.D. Ala. 2007) (denying reconsideration under Rule 59(e) where attorney abandoned certain claims without client approval).

This is especially so when considering that even if the Court reached the merits of the reconsideration motion, it would deny any relief. As the Court previously explained, Nance could defeat summary judgment only if some evidence reflects that she maintained an "insurable interest" in Martin at the time the insurance Policy issued. ECF No. 61 at 5. Maryland's Insurance Code Section 12-201(a)(3) defines "insurable interest" as "a lawful and substantial economic interest in the continuation of the life, health, or bodily safety of the individual" for those not related to the insured by blood, marriage or adoption. *Id.* § 12-201(a)(3). On summary judgment, the Court concluded that no evidence would support a finding that Nance maintained an economic interest in Martin as her putative "domestic partner," principally because at the time the Policy issued in September of 2021, Martin had no assets, was in poor health, and lived on $680 a month in social security benefits. ECF No. 61 at 6. The "new evidence" – text communications in 2022 – all postdate the relevant period. ECF No. 63-2. Because even with this new evidence "[n]o reasonable juror could conclude that Martin had been worth more to Nance alive than dead *at the time the Policy was issued*," *id.* at 8 (emphasis added), no manifest injustice follows from allowing the summary judgment decision to stand.

Accordingly, and on this 21st day of October 2026, the United States District Court for the

District of Maryland, hereby ORDERS:

1. The Motion to Alter or Amend Judgment filed by Defendant Ashley Nance (ECF No. 63), is DENIED;
2. The Clerk is DIRECTED to transmit this Order to the parties; and
3. CLOSE this case.

10/21/2026
Date

/s/
Paula Xinis
United States District Judge